HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| THE ESTATE OF JESSIE BOOTH, by and through STACY BOWEN, personal representative; J.B. a minor individual by and through his next friend and guardian, Stacy Bowen; STACY BOWEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY, a municipal corporation; GRANT HAGEN, an individual; AUSTIN CLOYD, an individual; JENNIFER BIVER, an individual; DEO SHARAN, an individual; EMRAH REBIHIC, an individual; ROBERT KARCHER, an individual; ALEXANDER CRUSE, an individual; CHRIS HOLMQUIST, an individual; DEBORA SCHMIERER, an individual; NAPHCARE, INC., an Alabama corporation; and AMANDA BIVER, an individual,<br><br>Defendants. | No. 3:24-cv-05123-DGE<br><br>ORDER GRANTING UNOPPOSED MOTION FOR APPOINTMENT OF SETTLEMENT GUARDIAN AD LITEM<br><br><br>**NOTED: December 18, 2024** |

THIS MATTER came on regularly for hearing on Plaintiff's Unopposed Motion to have Bruce A. Wolf appointed as the Settlement Guardian Ad Litem on behalf of Plaintiff J.B., a minor. The Court has reviewed the files and records in this case, the Unopposed Motion for Appointment of Settlement Guardian Ad Litem and the Declarations of Bruce A. Wolf and Stacy Bowen. The Court has reviewed the responses of the defendants, if any, as well as any reply of plaintiffs.

Now therefore, **IT IS HEREBY ORDERED**:

1. Bruce A Wolf is a suitable disinterested person having the requisite knowledge, training, and expertise to perform the duties required by Local Court Rule 17, and is hereby appointed to represent the interests of Jessie Booth's child, J.B., as the Settlement Guardian Ad Litem (SGAL).

2. SGAL Bruce A. Wolf shall represent the child, J.B., for purposes of settlement negotiations and mediation pursuant to LR 39.1 and for any and all other purposes as may be contemplated by CR 17(c) of the Local Rules of the Western District of Washington.

3. SGAL Bruce A. Wolf shall be paid at a flat fee of $5,000.00.

4. SGAL Bruce A. Wolf shall have the following duties:

    a. To investigate and evaluate the adequacy of any offered settlement in light of the needs and best interests of Jesse Booth's child, J.B.

    b. To review written or oral reports from the attorneys and guardians necessary to permit and complete a report as required by Local Court Rule 17.

    c. To provide the Court and the parties with a report, which shall include a description, in depth appropriate to the magnitude of injuries and the amount offered, and the following information.

        i. <u>Summary:</u> State the amount of the settlement that you are recommending and how the net proceeds will be distributed. Include the name, phone number, and address of each living parent or legal guardian and another relative.

ii. <u>Appointment</u>: State your name, bar license number, date of appointment, and the date that you started working on this matter. Give a brief statement of your experience and qualifications as they pertain to serving as a SGAL or attach a curriculum vitae with this information. Describe your relationship, if any, with all involved parents, guardians, insurers, or attorneys.

iii. <u>Investigation</u>: Describe the investigation you conducted, the persons interviewed, and the documents you reviewed.

iv. <u>Description of incident and cause of action:</u> Describe the incident and the affected minors' legal claims.

v. <u>Injuries and losses:</u> Describe the injuries, diagnoses, or losses incurred by the subject matter of the incident.

vi. <u>Damages</u>: Describe the special and general damages that are potentially recoverable.

vii. <u>Liability issues:</u> Describe the factors bearing on each potential defendant person or entities liability, including issues of primary negligence, contributory or comparative negligence, causation, and probable chance of recovery.

viii. <u>Insurance assets available to satisfy claim:</u> State the nature and extent of all insurance coverage or assets available to satisfy the claim, whether maintained through the Counterclaim Defendant, family, or governmental entities.

ORDER GRANTING UNOPPOSED MOTION FOR
APPOINTMENT OF SETTLEMENT GUARDIAN AD LITEM - 3

No. 3:24-cv-05123-DGE

ix. <u>Liens and subrogation</u>: Identify all liens, subrogation, and reimbursement claims.  Make a recommendation regarding how those claims are to be resolved, including a recommendation regarding retention in any attorney's trust account of the full amount claimed until the final resolution of the claim.

x. <u>Other claims</u>: Identity all other claims arising out of the same occurrence. State whether another person has a claim arising out of the same occurrence and whether any other person is, or could be, a plaintiff or defendant in any action based upon the minors' claims or the occurrences from which they arose.

xi. <u>Apportionment</u>: Indicate the amount, basis, and justification for allocating the gross settlement to be paid among the various claimants. State whether the minor was independently represented at the time the proposed apportionment was determined.

xii. <u>Proposed settlement</u>: Discuss and evaluate the reasonableness of the proposed settlement amount, stating the basis for your valuation of the claim.  Also discuss the form the settlement might take (*e.g.*, locked account, guardianship, structured settlement, or trust) and the proposed settlement documents.

xiii. <u>Expenses and fees</u>: Discuss and evaluate the reasonableness of the attorney's fees requested, costs to be reimbursed, and any other deductions from the proceeds of the claim.

ORDER GRANTING UNOPPOSED MOTION FOR
APPOINTMENT OF SETTLEMENT GUARDIAN AD LITEM - 4

No. 3:24-cv-05123-DGE

xiv. <u>Disposition of net proceeds</u>: Set forth your calculation of the net proceeds of the claim. Give your reasons and recommendations regarding as to how the funds should be placed. If legal guardianship is required, state the nominee and terms you recommend. If you recommend a structured settlement, state why that option is preferred; the specific payout schedule recommended and how it relates to the specific needs of the minor; and a statement including the cost of the structured portion, interest rate received, the name and financial rating of the company providing the annuity. If you or any party recommend the creation of a trust as the recipient of the funds, give your recommendation as to the special needs of the minor and how they would be served by having a trust; specific provisions that ought to be included or omitted from the trust; and your nomination of a professional to draft the trust and a recommended fee therefore.

xv. <u>Presence at hearing</u>: State whether the minors or the SGAL or other persons should be present at any hearing to approve any settlement.

xvi. <u>Approval in other jurisdictions</u>: State whether any settlement will be submitted for approval in any other court or jurisdiction.

xvii. <u>Conclusion</u>: Give your recommendation as to the adequacy of the offered settlement and the steps to be followed if you recommend the settlement not be approved.

d. To file a report with the Court within thirty (30) days after any settlement is reached and a CR2A has been signed.

ORDER GRANTING UNOPPOSED MOTION FOR
APPOINTMENT OF SETTLEMENT GUARDIAN AD LITEM - 5

No. 3:24-cv-05123-DGE

    e.  To accomplish all other duties required by law and any order of the Court.

5. The cost of bringing this proceeding and the SGAL's fee will be paid as approved as a part of any settlement. In the event settlement is not reached, the SGAL's fees shall promptly be paid upon receipt of the SGAL's invoice, one-half by Plaintiffs and one-half by Defendants (in equal shares).

6. The SGAL shall not employ or retain counsel or experts to assist in these duties except as authorized in advance by the Court and shall promptly advise the Court if others have retained such a person without Court authorization, including, but not limited to, the retention of counsel to initiate litigation or draft a trust.

7. The SGAL may seek instruction from the Court upon application and notice to all parties. If records or portions of the report contain confidential information which may adversely affect the settlement of trial of the claim, the SGAL shall seek direction from the Court.

**IT IS SO ORDERED**.

DATED this 20th day of December 2024.

 

David G. Estudillo
United States District Judge